IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| CAROLINA SILVA,<br> *Plaintiff,*<br><br>VS.<br><br>WAL-MART STORES OF TEXAS, L.L.C., WAL-MART STORES OF TEXAS, L.L.C. D/B/A WAL-MART #3886, WAL-MART STORES OF TEXAS, L.P., WAL-MART, INC., WAL-MART STORES INC., AND WAL-MART ASSOCIATES, INC.,<br> *Defendants.* | § § § § § § § § § § § § § § § §  CASE NO. _____<br><br>(JURY REQUESTED) |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE AND JURY OF SAID COURT:**

**NOW COMES** Carolina Silva, sometimes hereinafter referred to as "Plaintiff," and files this Plaintiff's Original Complaint complaining of and about Wal-Mart Stores of Texas, L.L.C., Wal-Mart Stores of Texas, L.L.C. D/B/A Wal-Mart #3886, Wal-Mart Stores of Texas, L.P., Wal-Mart, Inc., Wal-Mart Stores Inc., and Wal-Mart Associates, Inc., sometimes hereinafter referred to as "Defendants" and/or "Wal-Mart", and for cause of action shows unto the Court the following:

### I. PARTIES AND SERVICE

1. Plaintiff, Carolina Silva, is an individual who resides in McAllen, Hidalgo County, Texas.

2. Defendants, Wal-Mart Stores of Texas, L.L.C., is the owner or the lessee of the property upon which the business is located, and upon information and belief, is the operator of *Wal-Mart Supercenter* Store No. 3886 where the incident made the basis of this

suit occurred. Wal-Mart Stores, Inc. is a foreign corporation that may be served with a copy of this Petition and a certified copy of the summons in this cause by serving its registered agent in accordance with Federal Rule of Civil Procedure Rule 4(h) at:

> **CT Corporation System,**
> **1999 Bryan St., Ste. 900,**
> **Dallas, TX 75201-3136.**

3.　Defendants, Wal-Mart Stores of Texas, L.L.C. D/B/A Wal-Mart #3886, is the owner or the lessee of the property upon which the business is located, and upon information and belief, is the operator of *Wal-Mart Supercenter* where the incident made the basis of this suit occurred. Wal-Mart Stores, Inc. is a foreign Corporation that may be served with a copy of this Petition and a certified copy of the summons in this cause by serving its registered agent in accordance with Federal Rule of Civil Procedure Rule 4(h) at:

> **CT Corporation System,**
> **1999 Bryan St., Ste. 900,**
> **Dallas, TX 75201-3136.**

4.　Defendants, Wal-Mart Stores of Texas, L.P., is the owner or the lessee of the property upon which the business is located, and upon information and belief, is the operator of *Wal-Mart Supercenter* where the incident made the basis of this suit occurred. Wal-Mart Stores, Inc. is a foreign Corporation that may be served with a copy of this Petition and a certified copy of the summons in this cause by serving its registered agent in accordance with Federal Rule of Civil Procedure Rule 4(h) at:

> **CT Corporation System,**
> **1999 Bryan St., Ste. 900,**
> **Dallas, TX 75201-3136.**

5. Defendants, Wal-Mart, Inc., is the owner or the lessee of the property upon which the business is located, and upon information and belief, is the operator of *Wal-Mart Supercenter* where the incident made the basis of this suit occurred. Wal-Mart Stores, Inc. is a foreign Corporation that may be served with a copy of this Petition and a certified copy of the summons in this cause by serving its registered agent in accordance with Federal Rule of Civil Procedure Rule 4(h) at:

> **CT Corporation System,**
> **1999 Bryan St., Ste. 900,**
> **Dallas, TX 75201-3136.**

6. Defendants, Wal-Mart Stores Inc., is the owner or the lessee of the property upon which the business is located, and upon information and belief, is the operator of *Wal-Mart Supercenter* where the incident made the basis of this suit occurred. Wal-Mart Stores, Inc. is a foreign Corporation that may be served with a copy of this Petition and a certified copy of the summons in this cause by serving its registered agent in accordance with Federal Rule of Civil Procedure Rule 4(h) at:

> **CT Corporation System,**
> **1999 Bryan St., Ste. 900,**
> **Dallas, TX 75201-3136.**

7. Defendants, Wal-Mart Associates, Inc., is the owner or the lessee of the property upon which the business is located, and upon information and belief, is the operator of *Wal-Mart Supercenter* where the incident made the basis of this suit occurred. Wal-Mart Stores, Inc. is a foreign corporation that may be served with a copy of this Petition and a certified copy of the summons in this cause by serving its registered agent in accordance with Federal Rule of Civil Procedure Rule 4(h) at:

> **CT Corporation System,**
> **1999 Bryan St., Ste. 900,**

**Dallas, TX 75201-3136.**

## II.   JURISDICTION AND VENUE

8. The court has jurisdiction over this lawsuit under 28 U.S.C. §1332(a)(2) because the suit is between a citizen of the State of Texas and a corporate entity domiciled in the State of Arkansas and the amount in controversy exceeds $75,000.00, excluding interest and costs.

9. This court has jurisdiction over Defendants Wal-Mart because said Defendants purposefully availed themselves of the privilege of conducting activities within the State of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendants, and the assumption of jurisdiction over Wal-Mart will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

10. Furthermore, Plaintiff would show that Defendants Wal-Mart were engaged in activities constituting business in the State of Texas, in that said Defendants committed a tort in whole or in part in Texas.

11. Venue is proper in this district under 28 U.S.C. §1391(a)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district. The incident giving rise to this lawsuit occurred in McAllen, Hidalgo County, Texas, which is within the geographical confines of the Southern District of Texas. Accordingly, venue is proper in the Southern District of Texas.

## III.   FACTUAL BASIS OF CLAIM

12. The incident giving rise to this lawsuit occurred on or about November 11, 2021. Plaintiff, Carolina Silva, was an invitee of Wal-Mart #3886 located at 4101 S

McColl Rd, Edinburg, TX 78539. On that date, Plaintiff was lawfully on the premises of the aforementioned Wal-Mart as a business invitee. As Ms. Silva was walking through the Wal-Mart Auto Care Center which is the intended door for customers to enter same, a large heavy automobile/truck tire fell from the top tire rack storage tire display and struck Ms. Silva's head, neck and back forcing her to the ground with her body and head striking the hard cement floor as depicted in screen shots from the surveillance video recording preserved by Wal-Mart and shared with the Moore Law Firm. *See*, screen shots:

 



13. Due to the magnitude of the force of the heavy falling tire striking the elderly Ms. Silva, she lost consciousness as her body was forced to the hard cement floor, striking her head causing Ms. Silva to be pushed to the floor sustaining a second head injury and significant bodily personal injuries, including a traumatic brain injury.

14. Defendants' tire rack is located in an isle where its customers are allowed access to enter the Wal-Mart store via the Auto Center. *See*, Screen Shots below of accident scene where tires are on display for marketing to its customers:



The tires are stacked within the rack vertically; and upon information and belief, the subject tire that injured Plaintiff either fell because not secured properly, or was thrown from the rack by a Wal-Mart employee for installation or fell as a result of a Wal-Mart employee pulling another tire for installation or stocking the rack with another tire thus causing the subject unsecured tire to fall from the rack.  Upon information and belief, the subject tire that injured Ms. Silva fell from a height of approximately ten (10) to twelve (12) feet with an approximate weight between one-hundred (50 lbs.) pounds to one-hundred, twenty-five (65 lbs.) pounds. There are no warning signs warning of a fall hazard, but a display that appears to be safe in all respects to the average Wal-Mart customer; and no warnings requiring customers to not attempt to pull tires from the rack; nor is there any restrictive caging around the tire racks – i.e., such as galvanized steel fencing to prevent a tire fall injury event.

15. Based upon information and belief, Wal-Mart has failed to take any meaningful remedial action, training of employees which are *effective* to reduce the unreasonable risk of serious harm, injury or death to its customers for the past twenty (20) years since being made aware of its duty to do so as a result of the jury verdict referenced herein to prevent such events from occurring to its customers and/or employees using the designated walkway for business invitees and its employees at Wal-Mart Store # 3886. Notwithstanding the foregoing, Wal-Mart knew, or reasonably should have known that an unsecured tire from an overhead tire storage rack being stored without securing same in the proper manner created an unreasonable risk of harm, injury or death to its customers. Wal-Mart failed to make the condition safe by warning of the danger or by remediating the danger to its customers by installing fall protection wiring through the openings in all tires

being stored on the tire rack or overhead nets installed over the walkway areas where tires were being stored in close proximity to where Wal-Mart intended or instructing its employees not to throw tires from the tire racks when conducting installation of tire vehicles. Wal-Mart knew customers who were lawfully present on the business premises would be walking or standing; or present in close proximity to the tire racks, yet failed to take other measures to lock out the area when work was being performed such as tossing a tire off a tire rack by a Wal-Mart employee for installation.

**IV. FACTS SUPPORTING THE LIABILTY OF WAL-MART TO PLAINTIFF FOR NEGLIGENCE UNDER EITHER A PREMISES LIABILTY NEGLIGENT ACTIVITY OR CONDITION OF PREMISES THEORY OF RECOVER AND FOR GROSS NEGLIGENCE**

16. Plaintiff incorporates each every, all and singular, every allegation of fact as set forth herein above in ¶¶ 12 through 15, as though fully set forth verbatim in this Section IV, A.1 and B.2, ¶¶ 17 through 22.

**A.   NEGLIGENCE –** *Res Ispa Loquitor*

17. In the event the discovery intended to be propounded in this case does not provide direct proof from the Wal-Mart employees or other witnesses of the exact circumstances upon which the tire fell from the rack; then in that instance, since the instrumentality [the tire and rack] was under the management and control of Wal-Mart, and the injury event would not have occurred in the absence of negligence on the part of Wal-Mart, Plaintiff would show that in such event, there is an inference of negligence on the part of Wal-Mart.[1] Therefore, Wal-Mart is liable herein to Plaintiff for the injuries and

---

[1] *See, Owen v. Brown*, 447 S.W.2d 883 (Tex. 1969); *Mobil Chemical Co. v. Bell*, 517 S.W.2d 245(Tex. 1974) ("The doctrine of res spa loquitor permits an inference of negligence based upon circumstantial evidence where it appears that the character of the accident is such that it would not ordinarily occur in the absence of negligence and the evidence shows that the instrumentality causing the injury was under the management and control of a Defendants")

damages sustained by Plaintiff which were a producing and proximate cause of Wal-Mart's negligence under the Doctrine of *Res Ipsa Loquitor*, whether or not the case is submitted to the jury on either premises liability theory of recover available to Plaintiff – negligent activity or condition of premises for which Plaintiff now sues for the recovery of such damages.

1. **NEGLIGENT ACTIVITY**

18.  Defendant's conduct, and that of its agents, servants, and employees, acting within the scope of their employment, constituted a breach of the duty of ordinary care owed by Defendant to Plaintiff.  Plaintiff's injuries and damages were sustained as a direct, producing and proximate cause of Defendant's negligence in the storage and installation activities of tires without providing protection for its customers, specifically Carolina Silva on November 11, 2021, when Walmart employees were conducting ongoing tire installation activities, among others, in close proximity to Plaintiff.

2. **CONDITION OF THE PREMISES**

19.  In the alternative, if necessary, Defendant's conduct, and that of its agents, servants, and employees, acting within the scope of their employment, constituted a breach of the duty of ordinary care owed by Defendant to Plaintiff. Defendant breached its legal duty of ordinary care to warn Plaintiff or make the dangerous condition of the premises reasonably safe for invitees of the store by its failure to remediate or warn of the existence of the dangerous condition.  Defendant had actual knowledge of the dangerous condition and was therefore negligent in one or more of the following respects:

a)  in failing to exercise reasonable care to inspect the premises and/or discover the unreasonably dangerous condition to protect Plaintiff from the dangerous condition of unsecured tires falling from tire racks;

b) in failing to exercise reasonable care to reduce or eliminate the risk created by the unreasonably dangerous condition to protect Plaintiff from the dangerous condition by providing adequate warnings sufficient to eliminate the extreme risk of harm, injury or death;

c) in failing to adequately warn Plaintiff of the unreasonably dangerous condition to protect Plaintiff from the dangerous condition; and,

d) in failing to exercise reasonable care to maintain the premises in a safe condition to protect Plaintiff from the dangerous condition; and in

e) Stacked, arranged, and/or secured the tires in an unreasonable manner that posed a foreseeable risk of the tires falling from the rack, when in fact Walmart should have caged the tire racks off from its business invitees with a galvanized steel fence where employees could retrieve and stock tires from the rack without placing Wal-Mart customers at risk of harm, injury or death from falling objects;

f) Failed to properly train employees on safely and reasonably stacking, arranging, and securing tires; and

g) Failed to reasonably supervise employees who were actively engaged in stacking, arranging and/or securing tires for display.

h) Throwing a heavy tire off a high rack without first checking below;

i) Failing to warn Plaintiff before throwing the tire in her vicinity;

j) Failing to prohibit employees from throwing tires from heights above customers;

k) Failing to properly train employees not to throw tires near customers;

l) Failing to reasonably supervise tire stacking employees.

20. One or more of the above and foregoing acts of negligence was a producing and proximate cause of the tire fall injury event of November 21, 2021, which caused Plaintiff to sustain serious and disabling personal injuries and damages.

21. Therefore, under either the doctrine of *res spa loquitor* or factually as set forth herein, Wal-Mart is liable to Plaintiff for the injuries and damages sustained by Ms. Silva in the falling object injury event on November 11, 2021, under either alternative

theory of recovery - negligent activity premises liability or a condition of premises premises liability. Furthermore, there exists no evidence that Ms. Silva committed any act of negligence which caused or contributed to cause her injuries or damages.

### B. GROSS NEGLIGENCE & EXEMPLARY DAMAGES

22. Based upon information and belief, Wal-Mart and its Wal-Mart management and employees had actual awareness and actual knowledge, both subjectively and objectively, of the extreme degree of risk of harm, injury or death to its business invitees that a tire fall injury event like that of Ms. Silva's would occur as a result of other prior similar incidents occurring at Wal-Mart Stores in the past. Plaintiff would show, at a minimum, that Wal-Mart had actual knowledge of such an injury event occurring since September 29th, 2003, which occurred in San Antonio, Texas where a tire fall injury event occurred to a Mr. Bob McKissack. Mr. McKissack, a business invitee, was standing in the working area of the garage when a tire was thrown from an above storage area by a Wal-Mart employee and the tire fell on Mr. McKissack's' head causing him to sustain back and neck injuries for which Wal-Mart Stores, Inc. was found by the jury on September 29th, 2013 to be 78% negligent and awarded damages in excess of $1,900,000.00 to Mr. McKissak.[2] Because of the findings made by the jury in *McKissak* as to its negligence and the amount of damages, Wal-Mart, as a sophisticated multinational multibillion corporate entity with prior knowledge of this jury verdict, which upon information and belief is not an isolated incident, and other similar incidents, Wal-Mart is liable to Plaintiff for exemplary damages as a result of its gross negligence since the harm caused to Plaintiff

---

[2] *See*, *McKissack v. Wal-Mart Stores, Inc.*, No. SA-02-CA-0043-RF, 2004 WL 212930, at *1 (W.D. Tex. Jan. 26, 2004).

was a result of Wal-Mart and its employees and managers acts of gross negligence which when viewed objectively from the standpoint of Wal-Mart at the time of the occurrence involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and, of which Wal-Mart had actual, subjective awareness of the risks involved, but nevertheless proceeded with conscious indifference to the rights, safety or welfare of others. Additionally, Wal-Mart's actual knowledge and failure to remediate the unreasonably dangerous condition, and its conscious disregard for the safety and welfare of its customers, specifically Carolina Silva, is demonstrated in the manner in which Sam's Club, a Division of Wal-Mart, Inc., uses a separate secured area to store its tires on high tire racks within a secured room away from areas where customers are prohibited to enteror intended to be present. For example, the Sam's Club located at 7601 N 10th St., McAllen Texas, Store No. 4850, stores its tires in a secure room as indicated below, and those tires displayed for marketing to its customers are not positioned on tall racks, as indicted below:



## VI.    DAMAGES FOR PLAINTIFF CAROLINA SILVA

23.    Upon trial of this case it will be shown that Defendants' negligence proximately caused Plaintiff Silva, a 75-year-old lady, to sustain severe and debilitating personal and bodily injuries and damages, and Plaintiff will request the Court and Jury to determine the amount of loss Plaintiff has incurred in the past and will incur in the future, not only from a financial standpoint, but also in terms of good health and freedom from pain and worry in her golden years and loss of enjoyment of life.

24.    Plaintiff is entitled to have the Jury in this case separately consider certain elements of damages provided by law and to determine the sum of money for each element that will fairly and reasonably compensate Plaintiff for injuries, damages and losses incurred and to be incurred.

25.    As a direct, producing and proximate cause of the negligence of Defendants, Plaintiff suffered the injuries and damages for which she is entitled to monetary compensation are as follow:

a) The physical pain and suffering incurred by Plaintiff, as a result of the incident in question up to the time of trial and which in all reasonable probability will be incurred in the future;

b) The mental anguish suffered by Plaintiff as a result of the incident in question up to the time of trial and which in all reasonable probability will be incurred in the future;

c) The physical impairment suffered by Plaintiff, which has occurred as a result of the incident in question up to the time of trial and which in all reasonable probability will be incurred in the future;

d) The physical disfigurement suffered by Plaintiff, which has occurred as a result of the incident in question up to the time of trial and in the future;

e) The amount of reasonable medical expenses necessarily incurred in the treatment of Plaintiff's injuries which plaintiff has incurred up to the time of trial;

    f) The reasonable medical expenses and life care needs of Plaintiff necessary to treat her injuries and sustain her for the remainder of her life which in all reasonable medical probability will be incurred in the future; and

    g) The loss of enjoyment of life, which will in all reasonable probability continue in the future.

26. Further, the force of the blow from the 50+ pound tire knocked Plaintiff immediately unconscious. Plaintiff was crushed under the weight of the tire striking her head, and her body on the cement floor. As a result, Ms. Silva suffered a traumatic brain injury from the tire strike. As a direct and proximate result of being struck by the tire, Plaintiff suffered the following severe and permanent injuries and damages:

    a)     Traumatic brain injury causing permanent cognitive deficits;

    b)     Severe headaches, and dizziness;

    c)     Speech impediments and difficulties communicating;

    d)     Impaired vision and hearing

    e)     short and long-term memory loss; and

    f)     Irritability, depression, anxiety and emotional distress.

27. Plaintiff's severe injuries resulting from the tire strike were directly caused by the negligence and gross negligence of the Wal-Mart employee, who threw the tire as well as Walmart's negligence in training and supervising its tire storage, stacking or removal procedure by its employees.

## VII.    PRE- AND POST-JUDGEMENT INTEREST

28. Plaintiff seeks recovery of such pre-judgment and post-judgment interest as permitted by law.

## VIII. RESERVATION OF RIGHTS

29. Plaintiff reserves the right to prove the amount of damages, both general and special, at trial. Plaintiff reserves the right to amend their petition to add additional counts upon further discovery.

## IX. REQUEST FOR JURY TRIAL

30. Plaintiff, in accordance with Rule 216 of the Texas Rules of Civil Procedure, and Rule 38 of the Federal Rules of Civil Procedure requests a trial by jury and notifies all parties and the Court that any necessary jury fees have been paid.

## X. CONDITIONS PRECEDENT

31. All conditions precedent to Plaintiff's right to recover herein have been performed or have occurred.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully prays that upon final trial of this matter, that the Court render a judgment on the verdict of the jury in favor of Plaintiff and against Defendants Wal-Mart Stores of Texas, L.L.C., Wal-Mart Stores of Texas, L.L.C. D/B/A Wal-Mart #3886, Wal-Mart Stores of Texas, L.P., Wal-Mart, Inc., Wal-Mart Stores Inc., and Wal-Mart Associates, Inc. for: actual damages (both general and special), exemplary damages, costs of court, pre- and post-judgment interest at the highest lawful rate, and for all such other and further relief, at law or in equity, to which Plaintiff may show herself justly entitled.

Dated this 27th day of September, 2023.

                Respectfully submitted,

                **MOORE LAW FIRM**
                4900 North 10th Street, Suite F-3
                McAllen, Texas 78504
                Telephone No. (956) 631-0745
                Telecopier No. (888) 266-0971
                Email: lit-docket@moore-firm.com

By:    /s/ J. Michael Moore
                J. Michael Moore
                State Bar No. 14349550
                S.D. Texas Bar No.: 16942
                R. Nicholas Moore
                Federal Bar No. 24098134

                **ATTORNEY FOR PLAINTIFF**